**UNITED STATES of America, Plaintiff,**

v.

**Wesley KEHRT, Defendant.**

**Cr. No. 2970.**

District Court, Alaska
Third Division, Anchorage.

Jan. 21, 1955.

Lynn W. Kirkland, Asst. U. S. Atty., Anchorage, Alaska, for plaintiff.

Stanley J. McCutcheon, Anchorage, Alaska, for defendant.

CORREY, District Judge.

The U. S. Attorney's office, on motion, asks leave of the court to dismiss the indictment in the above-entitled case, for the reason that the defendant therein is dead.

The defendant was indicted by the grand jury on April 6, 1954, on two counts. The first count charges that the " * * * said Wesley Kehrt did corruptly and by threats or force, endeavor to influence, intimidate, or impede a witness, to-wit: Carolyn Ward, who had been subpoenaed to testify before the grand jury of the Third Judicial Division, Territory of Alaska, and did endeavor to influence, obstruct and impede the due administration of justice." Count two charges that the " * * * said Wesley Kehrt did corruptly and by threats or force, endeavor to influence, intimidate, or impede a witness, to-wit Carolyn Ward, who had been subpoenaed to testify before the grand jury of the Third Judicial Division, Territory of Alaska, and did endeavor to influence, obstruct and impede the due administration of justice."

On the 19th day of April, the defendant was arraigned and entered a plea of not guilty to both counts. Bail had previously been set in the sum of $5,-000. While out on bail, the defendant and Carolyn Ward, the government's witness, committed suicide, and, while the motion made by the district attorney's office is to dismiss the indictment, the principal problem to be determined is whether the bond of a defendant should be forfeited after his having committed suicide. While the law on the point of bond forfeiture reveals that there are some decisions concerning the death of the principal before the appearance date no case has been found in which the defendant committed suicide.

█ Rule 46(f) (1) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., requires the declaration of forfeiture of the bail on breach of a condition of the bond. A number of cases have been found which hold that the death of the principal before the appearance date excuses the bondsmen. However, the general rule seems to be that bail will not be forfeited where performance is rendered impossible by (1) an act of God; (2) the act of the obligee; and (3) an act of the law (Taylor v. Taintor, 16 Wall. 366, 83 U.S. 366), 21 L.Ed. 287. To this may be added (4), the act of the public enemy. 6 Am.Jur., Bail and Recognizance, section 175, Page 133.

While death may be considered an act of God, in the particular case before us death ensued as a result of the voluntary act of the principal. Therefore, the case of natural death could not be considered precedent for the case before us.

█ In all of the cases found on this problem, the fact situations under which bail is not forfeited reveal circumstances over which neither the principal nor the surety had any control. Since the rule as referred to supra is mandatory, it appears that a forfeiture must be declared. It is true that rule 46(f) (2) gives the court considerable latitude in setting aside forfeiture and that this rule replaces the

previous rule on the point which allowed the setting aside of a forfeiture only where the default was not wilful. Under the new rule it would appear that the basic question for the court to determine is whether justice requires the forfeiture to be set aside.

In applying the facts of this case to the law, I am of the opinion that the motion to dismiss should be denied, and the bail forfeited, with leave of the bondsmen to apply to the court to set aside said forfeiture if it should appear that justice does not require the enforcement of the forfeiture.